UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

CLINT DEVIN COWLES, )
       Plaintiff, )
)
v. )   Civil Action No. 4:21cv28
)
DEPARTMENT OF CORRECTIONS, *et al.*, )
       Defendants. )
_____ )

**MEMORANDUM OPINION**

This matter is before the Court pursuant to the Court's statutory obligation under 28 U.S.C. § 1915(e)(2) to screen complaints filed by litigants who are proceeding *in forma pauperis*.[1]  For the reasons set forth below, this action will be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

**I. PROCEDRUAL AND FACTUAL BACKGROUND**

On March 16, 2021, Plaintiff Clint Devin Cowles ("Plaintiff"), appearing *pro se*, submitted an application to proceed *in forma pauperis* ("First IFP Application"), along with a proposed Complaint.  First IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1.  In an Order dated March 24, 2021, the Court denied Plaintiff's First IFP Application, and directed Plaintiff to either pay the filing fees or submit another application to proceed *in forma pauperis* within thirty days. *Id.*  Order at 1, ECF No. 2.

Plaintiff timely filed a second application to proceed *in forma pauperis* ("Second IFP Application").  Second IFP Appl., ECF No. 3.  In an Order to Show Cause dated October 29,

---

[1] As explained herein, 28 U.S.C. § 1915(e)(2) requires the Court to dismiss a case at any time if it determines that "the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).

2021, the Court granted Plaintiff's Second IFP Application and directed the Clerk to file Plaintiff's Complaint. Order Show Cause at 1, ECF No. 5. However, the Court determined that "Plaintiff's Complaint suffer[ed] from defects that must be addressed before this action [could] proceed." *Id*.

In his Complaint, Plaintiff alleged:

- Plaintiff's probation officer advised Plaintiff that he would be taken off probation in January 2017; however, "[t]hat never happened." Compl. at 2, ECF No. 6.

- Plaintiff was assigned a new probation officer, who "came to [Plaintiff's] job" in December 2017 and "harass[ed] [Plaintiff's] co-workers" by "asking numerous questions and telling them [Plaintiff's] information." *Id*.

- Plaintiff was terminated from his employment in January 2018 because of the actions of the probation officer. *Id*.

- Plaintiff "started [a] new career driving trucks" in June 2018, and Plaintiff's probation officer called Plaintiff's boss on his first day on the job to ask questions. *Id*. at 3.

- In August 2018, Plaintiff asked his probation officer "numerous times" to respond to a letter request from the Transportation Security Administration. *Id*. The probation officer "finally gave [the letter] to [Plaintiff], but "put in the letter [that Plaintiff] was a danger to the community." *Id*.

- Plaintiff was in court for a probation violation in February 2019, and was sentenced to "much time."[2] *Id*. Plaintiff asked to see his "violation report" in November 2019, and noticed that it contained "multiple false statements." *Id*.

- "Just before [Plaintiff's] transfer from Keen Mountain Correctional Center," a sergeant "snatched [Plaintiff's] arm through a tray slot and made [Plaintiff] bleed," "punched [Plaintiff] in [his] rib cage," and "told [Plaintiff] that he will have [Plaintiff] and [his] father hanging from a tree."[3] *Id*. at 4-5.

---

[2] According to the allegations of the Complaint, Plaintiff served his sentence at Keen Mountain Correctional Center and Wallens Ridge State Prison, both of which are located in the Western District of Virginia. Compl. at 1-5, ECF No. 6.

[3] Plaintiff's Complaint did not provide factual allegations sufficient to allow the Court to estimate the timeframe during which the actions summarized in this bullet point allegedly occurred.

- During Plaintiff's "last week in [Department of Corrections'] custody,"[4] Plaintiff's "legal work" was lost, Plaintiff was "given expired toothpaste to use until [he] went home," and Plaintiff was "placed in a cell with no cold running water." *Id.*

Based on the factual allegations summarized above, Plaintiff asserted claims in this action pursuant to 42 U.S.C. § 1983 against the "Department of Corrections" and "Probation and Parole District 34," an office located in Williamsburg, Virginia (collectively referred to herein as "Defendants"). *Id*. at 1-5.

In its October 29, 2021 Order to Show Cause, the Court explained that when a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine whether it states a claim on which relief may be granted. Order to Show Cause at 3 (citing 28 U.S.C. § 1915(e)(2)). The Court further explained that if the operative complaint fails to state a claim for relief that is plausible on its face, the Court is required to dismiss the action. *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Upon review, the Court determined that Plaintiff's Complaint, in its current form, failed to state any plausible claim for relief against Defendants. *Id*. Specifically, the Court stated:

> Section 1983 creates a cause of action for a person who is deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting under color of state law. 42 U.S.C. § 1983; *see Briggs v. Waters*, 455 F. Supp. 2d 508, 518 (E.D. Va. 2006). The named Defendants in this action, the "Department of Corrections" and "Probation and Parole District 34," are not considered to be "persons amenable to suit under § 1983." *Barksdale v. Piedmont Reg'l Jail*, No. 3:15cv201, 2015 U.S. Dist. LEXIS 152636, at *5 (E.D. Va. Nov. 10, 2015) (noting that "[n]either inanimate objects such as buildings, facilities, and grounds nor collective terms such as staff or agency, are persons amenable to suit under § 1983"); *see Davis v. Va. Dep't of Corr.*, No. 1:16cv327, 2016 U.S. Dist. LEXIS 189943, at *3 (E.D. Va. Apr. 27, 2016) (noting that the Virginia Department of Corrections is not a "person" for purposes of § 1983); *Shabazz v. Prison Health*

---

[4] Plaintiff signed his Complaint on March 11, 2021, and stated therein that he was released from custody "today." Compl. at 1-2, ECF No. 6. Thus, it appears that the actions summarized in this bullet point allegedly occurred in March 2021.

> *Servs.*, No. 3:10cv190, 2012 U.S. Dist. LEXIS 16329, at *26 (E.D. Va. Feb. 9, 2012) (stating that the Virginia Department of Corrections is not a "person" under § 1983).
>
> Further, as this Court has explained, § 1983 "is a vehicle for the vindication of pre-existing federal rights rather than an independent source of substantive rights." *Moody v. City of Newport News*, 93 F. Supp. 3d 516, 529 (E.D. Va. 2015). In his Complaint, Plaintiff does not identify the independent source of substantive rights that he seeks to vindicate through his § 1983 claims. Compl. at 1-5.
>
> Additionally, § 1983 does not explicitly provide its own statute of limitations; however, courts borrow the personal injury statute of limitations from the relevant state and apply it to § 1983 claims. *Demuren v. Old Dominion Univ.*, 33 F. Supp. 2d 469, 476 (E.D. Va. 1999). Thus, Plaintiff's § 1983 claims are subject to Virginia's two-year statute of limitations for personal injury claims. *See* Va. Code Ann. § 8.01–243(A). Upon review, the Court finds that the vast majority of the events at issue in this case allegedly occurred more than two years before Plaintiff initiated this lawsuit, and are therefore time-barred. *See* Compl. at 1-5. Although Plaintiff's Complaint contains certain allegations of mistreatment during Plaintiff's last week in custody, i.e., in March 2021, the mistreatment allegedly occurred in the Western District of Virginia. *Id*. at 3. Thus, it appears that venue is improper in this Court for any claims that are not otherwise time-barred by the governing statute of limitations. *See* 28 U.S.C. § 1391(b) (explaining the venue requirements for civil actions in federal court).

*Id*. at 3-4.

Although the Court determined that dismissal of this action was warranted for the reasons set forth above, the Court chose not to immediately dismiss this action. *Id*. at 4. Instead, in deference to Plaintiff's *pro se* status, the Court provided Plaintiff with an opportunity to file an Amended Complaint. *Id*. The Court stated:

> Plaintiff is ORDERED to SHOW CAUSE why this action should not be dismissed by filing an Amended Complaint within thirty days from the date of entry of this Order to Show Cause. Plaintiff is ADVISED that the Amended Complaint will supersede his initial Complaint and will become the operative complaint in this action. As such, the Amended Complaint must:
>
> (i) be clearly labeled as Plaintiff's Amended Complaint;
>
> (ii) clearly identify all Defendants against whom Plaintiff intends to assert claims;
>
> (iii) clearly state, with specificity, each claim that Plaintiff intends to assert against each Defendant; and

(iv) clearly set forth all factual allegations upon which each asserted claim is based.

*Id*. at 4-5. The Court specifically warned Plaintiff that this action may be dismissed if he failed to comply with the terms of the October 29, 2021 Order to Show Cause. *Id*. at 5 (citing Fed. R. Civ. P. 41(b)).

More than thirty days have passed, and Plaintiff has not filed an Amended Complaint or otherwise responded to the Court's October 29, 2021 Order to Show Cause.

## II. DISCUSSION

As previously explained to Plaintiff, the Court is required to dismiss a case at any time under 28 U.S.C. § 1915(e)(2) if it "determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Because Plaintiff chose not to file an Amended Complaint, Plaintiff's initial Complaint remains the operative Complaint in this action and, as explained above, it does not sufficiently state a claim against any Defendant upon which relief may be granted. Under these circumstances, the Court finds that it is obligated to dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).

When a district court dismisses an action pursuant to 28 U.S.C. § 1915(e)(2), and "the district court has already afforded [the plaintiff] an opportunity to amend," the United States Court of Appeals for the Fourth Circuit has explained that "the district court has the discretion to afford [the plaintiff] another opportunity to amend[,] or [it] can 'dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order.'" *Smith v. Forrester*, No. 4:18cv3317, 2019 U.S. Dist. LEXIS 35042, at *5 (D.S.C. Feb. 6, 2019) (citing *Workman v. Morrison Healthcare*, 724 F. App'x 280 (4th Cir. 2018); *Knox v. Plowden*, 724 F. App'x 263 (4th Cir. 2018); *Mitchell v. Unknown*, 730 F. App'x 171 (4th Cir. 2018)) (recommending the dismissal of a *pro se* action under 28 U.S.C. § 1915 with prejudice after the plaintiff, despite receiving an

5

opportunity to amend, failed to state a claim upon which relief could be granted), *adopted by*, 2019 U.S. Dist. LEXIS 33852 (D.S.C. Mar. 4, 2019); *see Gooden v. U.S. Navy/U.S. Marine Corps*, 791 F. App'x 411, 411 (4th Cir. 2020) (affirming the district court's dismissal of a *pro se* action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)). Here, the Court has already provided Plaintiff with an opportunity to file an Amended Complaint; however, Plaintiff chose not to do so. As such, the Court finds that it would be futile to provide Plaintiff with another opportunity to amend. Thus, this action will be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2).[5]

### III. CONCLUSION

For the reasons set forth above, this action will be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

An appropriate Order shall issue.

/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
December 28, 2021

---

[5] The Court notes that dismissal of this action would also be warranted under Rule 41(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 41(b). Federal Rule 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to . . . comply with . . . a court order." *Id*. As explained above, in an Order to Show Cause dated October 29, 2021, the Court ordered Plaintiff to file an Amended Complaint within thirty days, and warned Plaintiff that this action may be dismissed if he failed to comply with the terms of the Order to Show Cause. Order Show Cause at 4-5, ECF No. 5 (citing Fed. R. Civ. P. 41(b)). Plaintiff did not comply with the terms of the Court's Order to Show Cause.